

FILED / LODGED / RECEIVED / MAIL

SEP 10 2018

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

**18-CV- 1348 RAJ-BAT**

Jonathan Lawrence Dennington
(Name of Plaintiff)

vs.

Daniel T. Satterberg,
Susan Harrison
John Doe(s) Prosecutor(s)
Jane Doe(s) Prosecutor(s)

(Names of Defendant(s))

(Continued on Attached)

CIVIL RIGHTS COMPLAINT
BY A PRISONER UNDER 42
U.S.C. § 1983

### I. Previous Lawsuits:

A. Have you brought any other lawsuits in any federal court in the United States while a prisoner?:

☐ Yes   ☒ No

B. If your answer to A is yes, how many?:_____. Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

   Plaintiff:_____

   Defendants:_____

2. Court (give name of District):_____

3. Docket Number: _____

1. (Names of Defendant(s)) (continued)
2. Adam Berns, Bellevue police officer;
3. Officer John Doe(s), Bellevue police officer; (12-3-17)
4. Officer Jane Doe(s), Bellevue police officer; (12-3-17)
5. Andrei Constantin, Seattle police officer;
6. Gabriel J. Sommerfeldt, Seattle police officer;
7. Michael A. Waters, Seattle police officer;
8. Ryan J. Erwin, Seattle police officer;
9. Timothy Barnes, Seattle police officer;
10. N. (FNU) Larkin, Seattle police sargeant supervisor
11. Officer John Doe(s), Seattle police officer (4-18-18);
12. Officer Jane Doe(s), Seattle police officer (4-18-18);
13. David Arino, Seattle police officer;
14. Gregory Jago, Seattle police officer;
15. Manuel Quinonez, Seattle police officer;
16. R. (FNU) Blake, Seattle police officer;
17. Unknown Named Supervisor, Seattle police (7-30-18);
18. Officer John Doe(s), Seattle police officer (7-30-18)
19. Officer Jane Doe(s), Seattle police officer (7-30-18)
20. individually and in their official capacity
21.
22. (The plaintiff reserves his right to amend
23. defendant(s) by excluding or including as
24. becomes appropriate upon discovery of the
25. evidence.)
26.
27.

(defendants cont'd)

4. Name of judge to whom case was assigned: _____

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?): _____

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _____

**II. Place of Present Confinement:** King County Jail

A. Is there a prisoner grievance procedure available at this institution?   ☒ Yes   ☐ No

B. Have you filed any grievances concerning the *facts* relating to this complaint?
☐ Yes   ☒ No

If your answer is NO, explain why not: This complaint is not including the jail or its employees as defendants.

C. Is the grievance process completed?   ☒ Yes   ☐ No

If your answer is YES, ATTACH A COPY OF THE <u>FINAL</u> GRIEVANCE RESOLUTION for any grievance concerning facts relating to this case.

**III. Parties to this Complaint**

A. Name of Plaintiff: Jonathan Lawrence Dennington   Inmate No.: 218018325

Address: 500 5th Ave, Seattle, WA 98104

(In Item B below, place the full name of the defendant, his/her official position, and his/her place of employment. Use item C for the names, positions and places of employment of any additional defendants. Attach additional sheets if necessary.)

B. Defendant: Daniel T. Satterberg   Official Position: Prosecuting Attorney

Place of employment: King County Prosecutors Office

C. Additional defendants: Susan Harrison, Deputy Prosecuting Attorney, King County Prosecutors Office; John and Jane Doe(s), King County Prosecutors Office; Adam Berns, police officer, Bellevue police department; (Cont'd)

3

1. (Parties to Complaint, Additional Defendant(s))
2. John and Jane Doe(s), police officer(s), Bellevue
3. police department on December 3, 2017; Andrei
4. Constantin, police officer, Seattle police department;
5. Gabriel J. Sommerfeldt, police officer, Seattle
6. police department; Michael A. Waters, police officer,
7. Seattle police department; Ryan J. Erwin, police
8. officer, Seattle police department; Timothy Barnes,
9. police officer, Seattle police department; N. (First
10. Name Unknown) Larkin, sargeant/supervisor, Seattle
11. police department; John and Jane Doe(s), police
12. officer(s), Seattle police department on April 18,
13. 2018; David Arino, police officer, Seattle police
14. department; Gregory Jago, police officer, Seattle
15. police department; Manuel Quinonez, police officer,
16. Seattle police department; R. (First Name Unknown)
17. Blake, police officer, Seattle police department;
18. Unknown Named Supervisor(s), Seattle police
19. department on July 30, 2018; John and Jane Doe(s),
20. police officer(s), Seattle police department on
21. July 30, 2018, individually and in their official
22. capacity.
23.
24.
25.
26.
27.

(additional defendants cont'd)

## IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates, places, and other persons involved. Do not give any legal arguments or cite any cases or statutes. If you allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.)

That Daniel T. Satterberg and unknown named agents of the King County Prosecutors office did authorize or commit one or more of the following acts in violation of state and federal Constitution Rights, and are now committing and continue to commit an unlawful seizure of the plaintiff, by:

1. Violating speedy trial rights by seeking to have the courts "rollover" or continue for weeks after trial was set to expire, against all objection made by Mr. Dennington.

2. Violating double jeopardy by listing Mr. Dennington's criminal history in order to leverage probable cause by implying Mr. Dennington has a propensity to commit crimes, as if this information will contain proof of his culpability in the current charges filed.

3. Violating Mr. Dennington's rights against unlawful detention by entering information known by them to be false, or lacking material information that has been intentionally omitted, and entering information that lacks all ability to prove the state has the ability to prove all essential elements of the crime(s) charged.

4. Attempting to violate Mr. Dennington's right to a fair trial by jury by making unnecessary information regarding his criminal history available to the public

## V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

4

1. in the Certificate(s) for Determining Probable
2. Cause reports in an attempt to taint the jury
3. even before the trial commences. This
4. information can be accessed online by a jury
5. member, and is unreasonable to include and
6. does not support probable cause. (Attached.)
7.
8. And that the above defendant(s) of the prosecutor's
9. office, along with Bellevue police officer, Adam
10. Berns, did one or more of the following, in violation
11. of Washington Const. Art. 1 §7, on or about
12. December 3, 2017, the plaintiff further alleges:
13.
14. 5. Violating Mr. Dennington's procedural rights by
15. combining (2) individual encounters by the
16. same officer, which are separate incidents,
17. both of which cannot meet the essential
18. elements of the crime charged and neither
19. of which can positively identify Mr. Dennington
20. as the driver;
21.    a. charges of attempt to elude a police
22.     officer during a traffic stop;
23.    b. police officer regaining sight of the
24.     vehicle in question more than (6)
25.     blocks away.
26.
27. 6. Violating Mr. Dennington's procedural rights by

(claim cont'd)

2

a reckless disregard for the truth when officer Adam Berns falsified his Affidavit in order to secure an arrest warrant when he failed to positively identify the driver of the vehicle due to the windows being darkly tinted.

6. Violating Mr. Dennington's procedural rights by a reckless disregard for the truth when officer Adam Berns falsified information in his Affidavit in order to secure an arrest warrant when he failed to assert that plenty of time had elapsed between the encounters for the vehicle to eject an occupant, increase occupancy, or that changing of seating assignment may occur.

7. Violating Mr. Dennington's rights against pretextual seizure by using emergency equipment for an unwarranted stop, and furthermore requesting K-9 support after the plaintiff fled, amounting to an excessive use of force without obtaining enough information necessary for police to conclude Mr. Dennington had committed more than Obstruction.

8. Violating Mr. Dennington's procedural rights by a reckless disregard for the truth when

(claim cont'd)

3

1. officer Adam Berns falsified material information
2. in order to secure an arrest warrant by insisting,
3. and repeatedly referring to the plaintiff as the
4. driver against his discovery of finding Sherron
5. Yang in the driver's seat immediately after
6. Mr. Dennington fled the vehicle. (Page 2, line 35
7. of police report; attached). Moreover, officer
8. Berns goes on to explain the cause of this
9. mistake of his inability to identify the
10. driver is his ability to see clearly was impaired
11. by the dark tint. (See Attachments).
12.
13. And that the above defendant(s) of the prosecutor's
14. office, along with Seattle police officers, Andrei
15. Constantin, Gabriel J. Sommerfeldt, Michael A.
16. Waters, Ryan J. Erwin, Timothy Barnes, supervisor
17. Sgt. N. Larkin, did one or more of the following, in
18. violation of due process, Washington Const. Art. 1
19. § 7 and US Const. Amend IV on or about April
20. 18, 2018, and the plaintiff further alleges:
21.
22. 9. Seattle police officers did violate privacy
23. protections by failing to notify Mr. Dennington
24. that he and his household were being recorded
25. by police body cameras and police cruiser dash
26. cameras.
27.

(claim cont'd)          4

10. Seattle police officers did violate privacy protections from unlawful search and seizure by arresting Mr. Dennington out of his home without probable cause and lacking exigency, for the purpose of investigating a crime.

11. Seattle police officers did violate privacy protections from unlawful search and seizure by arresting pregnant fiancé to Mr. Dennington, Sherron Yang, out of their home and causing her to abandon her prenatal care and all of their families belongings, without probable cause, for the purpose of impounding the premises, against Washington Practice and Procedure § 2805.

12. Seattle police officers did violate seizure protections by refusing to leave the Ford Coachman Leprechaun, a motor home that the plaintiff and his family conducted their most private affairs, a premises they called home, in the care of fiancé, Sherron Yang, after the plaintiff was taken into custody for outstanding warrants; impoundment was unreasonable.

13. Seattle police officers did violate procedural (claim cont'd)

5

protections by using the key to the plaintiff's motor home to start the ignition of a Subaru Legacy Outback, an alleged stolen vehicle, and the topic of police investigation. The officers did this to demonstrate their hypothesis that Mr. Dennington was responsible for the vehicle.

14. Seattle police officers did violate warrantless protections under Arizona v. Gant, when they collected evidence without a warrant and lacking exigent circumstances, after the plaintiff was taken into custody. Furthermore, the vehicle was never in the plaintiff's control and the officers had never reported witnessing Mr. Dennington actually possessing the vehicle, only that he was in close proximity.

And that the above defendant(s) of the prosecutor's office, along with Seattle police officers, David Arino, Gregory Jago, Manuel Quinonez, R. Blake, did one or more of the following, in violation of due process, Washington Const. Article 1 §7, and US Const. Amend. IV, on or about June 30, 2018, and the plaintiff further alleges:

15. Seattle police officers did violate privacy protections by failing to notify Mr. Dennington

(claim cont'd)

6

1. and Ms. Kaylee Johnson-Das that they were
2. being recorded by police body cameras and police
3. dash cameras.
4.
5. 16. Seattle police officers violated unlawful seizure
6. protections by an unwarranted detention inside of
7. Safeway after the plaintiff provided officers
8. with a receipt from this Safeway and thereby
9. proving he was welcome on the premises, had
10. a lawful right to remain, and had not been
11. asked by Safeway employees to leave, nor
12. had he been refused service, nor found to
13. be shoplifting or in any attempt to shoplift.
14.
15. 17. Seattle police officers violated procedural rights
16. with a reckless disregard for the truth by
17. ommitting material information in their
18. Affidavit in order to secure an arrest warrant
19. by failing to include any reference to the
20. receipt that the plaintiff gave to police that
21. relieved them of probable cause to further
22. investigate.
23.
24. 18. Seattle police officers did violate procedural
25. protections by using a "shaved" key to force
26. unwarranted entry into plaintiff's vehicle
27. when police officer Blake "jiggled the driver's

(claim cont'd)  7

1  door", in an unreasonable breach of privacy in
2  an attempt to investigate a suspected stolen
3  vehicle.
4
5  19. Seattle police officers did violate warrantless
6  protections under Arizona v. Gant, when they
7  collected evidence without a warrant and
8  lacking exigent circumstances, after the plaintiff
9  was taken into custody, out of the Subaru
10 while this vehicle was not at any time in
11 the plaintiff's control in the presence of the
12 officers. Furthermore, no nexus existed
13 between the warrants the plaintiff was
14 arrested for and the vehicle in the parking
15 lot.
16
17 20. The plaintiff has never made any claim that
18 he did not have legal possession of this
19 vehicle and along with his possession of
20 more than (25) days without the complainant
21 of that cause reporting it as being stolen,
22 it is apparent that the state does not have
23 the ability to prove the essential elements
24 of the crime charged, thereby rendering
25 this charge invalid facially and this ongoing
26 detention unwarranted.
27

(claim cont'd)          8

And that all defendant(s) of this Complaint did and are continuing to do one or more of the following violation(s) of Human Rights set forth by the General Assembly for all people of all countries of all areas inhabited by humankind, and the plaintiff now further alleges:

21. That the defendant(s) did violate Human Rights Article 1 by failing to act toward Mr. Dennington in a spirit of brotherhood when they maliciously violated standards that endow Mr. Dennington with equality and treated him as if he is a common criminal that is not deserving of dignity and rights and used their appointed authority to enslave his conscience in an effort to dominate and terrorize, which is both inhumane and unreasonable.

22. That the defendant(s) did violate Human Rights Article 3 by abusing their authority to instill a compounding fear in Mr. Dennington that his person is subject to constant scrutiny by agents of the state that intend to police his thoughts and his liberty and where he may not seek refuge under the provisions set forth by the General Assembly.

(claim cont'd)                    9

23. That the defendant(s) did violate Human Rights Article 5 by causing Mr. Dennington and his household to evacuate their home and their livelihood and by forcing them to live and remain out on the street to be homeless and without personal belongings or private property.

24. That the defendant(s) did violate Human Rights Article 6 by listing Mr. Dennington's criminal history in the Certificate(s) for Determination of Probable Cause and in police reports and in Case Summary and Request for Bail as if his history is reflective of his identity and that this identity has a propensity to commit crimes and that therefore probable cause standards need not apply.

25. That the defendant(s) did violate Human Rights Article 7 by not treating Mr. Dennington with the presumption of innocence until proven guilty, including separating him from his friends and family through No Contact Orders and Excessive Bail amounts with all knowledge of the plaintiff's now homeless and indigent status, by using his history to leverage the court proceedings to move in favor against the plaintiff.

(claim cont'd)                    10

26. That the defendant(s) did violate Human Rights Article 8 by violating speedy trial rights and by failing to compel one hundred percent of the discovery to Mr. Dennington's state counsel, rendering him ineffective, and restricting Mr. Dennington's efforts for an evidentiary hearing, where he will Motion to Dismiss by suppression of the evidence.

27. That the defendant(s) did violate Human Rights Article 9 through arbitrary arrest and unlawful detention which was compounded by lack of probable cause and departmental misconduct.

28. That the defendant(s) did violate Human Rights Article 10 by juxtaposing Mr. Dennington's criminal history as a prejudgement of character and the likely actions as characterized, and not through independent and impartial information as would necessitate the ability to prove the essential elements of the crime charged.

29. That the defendant(s) did violate Human Rights Article 12 by separating Mr. Dennington, through an unwarranted series of invasions of privacy, from his home and his family, including his unborn child, predicated under the guise of

(claim cont'd)                    11

upholding the law, but which was in fact an arbitrary interference which attacks his honour and reputation through the compounded violations of his rights as listed above and outlined throughout this Complaint.

30. That the defendant(s) did violate Human Rights Article 16 by imposing restrictions through their interference and which do limit Mr. Dennington from procuring a relationship with his family, and from founding the most natural and fundamental group unit of society, and are interfering with his ability to communicate with his family with the violations complained of herein.

31. That the defendant(s) did violate Human Rights Article 17 by arbitrarily depriving Mr. Dennington of his home and property and livelihood on December 3, 2017; April 18, 2018; and on June 30, 2018, as described in this Complaint.

32. That the defendant(s) did violate Human Rights Article 25 by depriving Mr. Dennington of his right to a standard of living adequate for the health and well-being of himself and his family, by unlawfully seizing all of the belongings of the plaintiff and his family, including all of

(claim cont'd)           12

1 his food, clothing, home, prenatal health care,
2 and all of the other essentials found in the
3 presence of human life.
4
5 The plaintiff further invokes Human Rights Article
6 28 which states that everyone is entitled to a social
7 and international order in which the rights and
8 freedoms set forth by the General Assembly in the
9 Declaration of Human Rights can be fully realized.
10
11 Furthermore, the plaintiff asserts that the only
12 actual involvement of defendant Daniel T.
13 Satterberg is that he is the individual that is
14 expected to maintain a level of understanding
15 of the law in which his deputies are expected
16 to uphold.
17
18
19
20
21
22
23
24
25
26
27

(claim cont'd)          13

1. Declaratory relief against the defendant(s), and each of them, as determined by this Court deemed to be just and appropriate.

2. Preliminary Injunction and Permanent Injunctive relief in the form of a suppression of the evidence, in order to save the integrity of the judiciary, and an immediate release of Mr. Dennington and his (cont'd)

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __5__ day of __September__ 20 __18__.

(Signature of Plaintiff)

1  property from the King County Jail and elsewhere
2  that is unlawfully withheld.
3
4  3. Compensatory Relief against the defendant(s), and
5  each of them, in the form of money for the losses
6  to Mr. Dennington and his family for their
7  properties, belongings, home, papers and personal
8  effects, lost wages and livelihood in an amount
9  to be calculated and determined by this Court
10  or by trial by jury.
11
12  4. Punitive Relief against the defendant(s) and each
13  of them in the form of money damages for the
14  vindictive and arbitrary acts made against
15  Mr. Dennington and his family, in an amount
16  to be calculated and determined and deemed
17  appropriate by this Court or by a trial by jury
18
19  5. Any additional Remedy by this Court to put Mr.
20  Dennington in the position in which he and his
21  family were, prior to the injuries incurred by
22  agents of the state, as deemed by this Court
23  to be equitable and appropriate and just.
24
25
26
27

(Relief Cont'd)                    2




Name Jonathan Pennington
Bkg.# 218018325
King County Correctional Facility
500 5th Ave
Seattle, WA 98104

FOR LEGAL MAIL ONLY

Clerk, United States District Court
United States Courthouse
700 Stewart Street, Suite 2310
Seattle, WA 98101

FILED LODGED RECEIVED
SEP 10 2018
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY____ DEPUTY

US POSTAGE $03.31 First-Class
Mailed From 98104
09/07/2018
032A 0061807160