*Attorney* — *Nick Symmonds*
206-477-8700
Arraignment - 7/11/18

FILED
18 MAY 17 PM 2:31

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-1-02359-5 SEA

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| THE STATE OF WASHINGTON, | ) |
| Plaintiff, | ) |
| v. | )  No. 18-1-02359-5 SEA |
| | ) |
| JONATHAN LAWRENCE DENNINGTON, | )  INFORMATION |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

I, Daniel T. Satterberg, Prosecuting Attorney for King County in the name and by the authority of the State of Washington, do accuse JONATHAN LAWRENCE DENNINGTON of the following crime: **Attempting To Elude A Pursuing Police Vehicle**, committed as follows:

Count 1  Attempting To Elude A Pursuing Police Vehicle

That the defendant JONATHAN LAWRENCE DENNINGTON in King County, Washington, on or about December 3, 2017, while driving a motor vehicle and having been given a visual and audible signal by a uniformed police officer to bring the vehicle to a stop, willfully failed and refused to immediately stop and drove the vehicle in a reckless manner while attempting to elude a pursuing police vehicle that was equipped with lights and sirens;

Contrary to RCW 46.61.024, and against the peace and dignity of the State of Washington.

DANIEL T. SATTERBERG
Prosecuting Attorney
By:

Susan Harrison, WSBA #40719
Deputy Prosecuting Attorney

**Daniel T. Satterberg**, Prosecuting Attorney
CRIMINAL DIVISION
W554 King County Courthouse
516 Third Avenue
Seattle, WA 98104
(206) 296-9000  FAX (206) 296-0955

INFORMATION - 1

30969696

1

2          CAUSE NO.   18-1-02359-5 SEA

3     PROSECUTING ATTORNEY CASE SUMMARY AND REQUEST FOR BAIL AND/OR
                         CONDITIONS OF RELEASE
4

5          The State incorporates by reference the Certification for Determination of Probable

6     Cause prepared by Officer Adam G Berns of the Bellevue Police Department for case number

7     17-64278.

8          Pursuant to CrR 2.2(b)(2)(i), the State requests a warrant because the defendant is

9     unlikely to appear in response to a summons.  The State requests bail set in the amount of

10    **$25,000.00.**

11         In this incident, an officer on patrol ran the license plate of the car the defendant was

12    driving and noted that it had been sold and the title had not been transferred over, so he

13    attempted to pull the defendant over.  The defendant did pull over to the side of the road and

14    waited as the officer got out of his patrol car and walked up to the car the defendant was driving.

15    Once that happened, the defendant took off.  As the officer watched, the defendant sped through

16    a red light and crossed into the oncoming lanes of traffic as he turned onto the next road.  The

17    last thing the officer saw before he lost initial sight of the defendant's driving was that the

18    defendant appeared to be about to drive over the curbed median on the next road.

19         The officer was able to catch up to the defendant and called for backup.  As he followed

20    the defendant, he saw smoke coming out from the bottom of the car driven by the defendant.

21    The defendant finally stopped the car on the on-ramp to State Route 520 and got out of the

22    driver's seat.  The defendant then ran onto the highway, crossing all lanes of northbound I-405

23    before climbing over the cement median in the middle of the highway and then running across all

24    lanes of southbound I-405.  He was eventually tracked down with a K9.  After being advised of

Prosecuting Attorney Case
Summary and Request for Bail
and/or Conditions of Release - 1

Daniel T. Satterberg, Prosecuting Attorney
CRIMINAL DIVISION
W554 King County Courthouse
516 Third Avenue
Seattle, WA 98104
(206) 296-9000 FAX (206) 296-0955

his Miranda rights, the defendant was asked why he ran from the initial stop and he said he did so because he knew he had warrants.

The defendant's criminal history includes felony convictions for Violation of the Uniform Controlled Substances Act (2013), Unlawful Possession of a Firearm in the Second Degree (2013), Attempted Assault in the Second Degree with a Deadly Weapon (2013), Assault in the Third Degree—Domestic Violence (2011), Assault in the Third Degree (2007, 2009), Attempted Violation of the Uniform Controlled Substance Act--Possession (2006), Taking a Motor Vehicle Without Permission (2004), and Violation of the Uniform Controlled Substances Act--Solicitation to Deliver Methamphetamine (2002).

The defendant has another case pending in King County Superior Court: #18-1-02355-2 SEA (Possession of Stolen Vehicle).  He was placed on CCAP Enhanced on May 7, 2018, but had to finish serving his sentence for his DOC violation (he was on warrant status when he committed that crime as well as the one in the instant case) and was ultimately released from the King County Jail on May 10, 2018.  He was ordered to report to CCAP Enhanced on the first weekday following his release from jail and failed to even appear for orientation or any day after. A warrant for the defendant's arrest has been issued on that case.

Signed and dated by me this 15th day of May, 2018.


Susan Harrison, WSBA #40719

Prosecuting Attorney Case
Summary and Request for Bail
and/or Conditions of Release - 2

Daniel T. Satterberg, Prosecuting Attorney
CRIMINAL DIVISION
W554 King County Courthouse
516 Third Avenue
Seattle, WA 98104
(206) 296-9000 FAX (206) 296-0955

30969696

1

2                                          Deputy Prosecuting Attorney

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Prosecuting Attorney Case
Summary and Request for Bail
and/or Conditions of Release - 3

Daniel T. Satterberg, Prosecuting Attorney
CRIMINAL DIVISION
W554 King County Courthouse
516 Third Avenue
Seattle, WA 98104
(206) 296-9000  FAX (206) 296-0955

i0969696

# CAUSE NO.

## CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE

That Adam Berns is a(n) **POLICE OFFICER** with the **BELLEVUE POLICE DEPARTMENT** and has reviewed the investigation conducted in BELLEVUE POLICE DEPARTMENT Case Number: **17-64278**.

There is probable cause to believe that **Dennington, Jonathan L. (DOB 08-10-1982** committed the crime(s) of **Attempting to Elude a Police Vehicle RCW 46.61.024 (Felony), Obstructing a Law Enforcement Officer RCW 9A.76.020 (Misdemeanor), Possession of a Dangerous Weapon RCW 9.41.250 (Misdemeanor).**

This belief is predicated on the following facts and circumstances:

**The following occurred in the City of Bellevue, County of King, State of Washington.**

On 12-03-2017 at approximately 0300 hours, I was on routine patrol in the area of 116th AVE NE and NE 8TH ST in Bellevue, Washington. I was traveling northbound on 116th AVE NE in the 800 BLK. In front of me I noticed a silver Chevy Malibu, WA Plate # ADR0070, traveling northbound on 116th AVE NE from NE 8TH ST.

I conducted a check of the vehicle's registration utilizing WACIC/NCIC/WA DOL databases on my patrol vehicle computer. The result of the check indicated the vehicle had been sold on 09-23-2017 and the purchaser had not yet transferred the title to his name. The registered owner was listed as Potter, John H. The buyer of the vehicle was listed as Evans, Joe E.

I activated my vehicle emergency equipment behind the suspect vehicle at 116th AVE NE and NE 10th ST. The vehicle turned westbound on NE 10th ST through a green left turn signal light and continued traveling westbound in front of me. I followed the vehicle with my emergency lights still activated. The vehicle eventually pulled over to the right side of the roadway on NE 10th ST just before 112th AVE NE.

I exited my vehicle and approached the suspect vehicle. As I crossed the rear bumper of the suspect vehicle on the driver's side, the vehicle accelerated rapidly away from me towards NE 10TH ST. The vehicle accelerated so quickly that the tires rotated in placed and made a screeching noise.

I observed the vehicle continue westbound at a high rate of speed approaching the intersection of NE 10th ST and 112th AVE NE. I observed the vehicle continue forward through a solid red light at the intersection and turn southbound on 112th AVE NE into the oncoming (northbound) lanes in a reckless manner. The vehicle was pointed towards the median curb dividing the northbound and southbound lanes on 112th AVE NE. It appeared the vehicle was going to drive over the curbed median.

I returned to my vehicle and advised NORCOM Dispatch the vehicle had just fled from me southbound on 112th AVE NE. I turned off my vehicle's emergency equipment and

turned southbound on 112th AVE NE. I did not see the vehicle on 112th AVE NE in the 800 BLK. I continued southbound on 112th AVE NE.

As I approached NE 4th ST and 112th Ave NE, I looked eastbound and noticed the vehicle stopped at the signal in the left turn lane to get on northbound I-405. I advised NORCOM and approached the vehicle from behind with my vehicle's emergency equipment off. When the light turned green, the vehicle turned left northbound entering I-405. I followed the vehicle onto the freeway.

I had NORCOM advise WSP and I requested more units. I observed smoke begin to emanate from the vehicle. I would later learn this was from damage to the bottom of the vehicle sustained when it had driven over the curbed median on 112th AVE NE.

The vehicle approached the exit for SR 520 from northbound I-405. The vehicle then slowed and finally stopped on the on-ramp to SR 520. I stopped my vehicle behind the suspect vehicle and activated my emergency equipment.

Immediately as the suspect vehicle stopped, I observed the driver's side door open and a male subject exit the vehicle. The male subject turned towards me, closed the door, and then fled on foot northbound from his vehicle on the highway. I yelled to the subject "Stop!" however the subject continued to run northbound on the freeway. The suspect was a male in his late 20's early 30's, light build, wearing a dark jacket, dark pants and had blonde hair.

After traveling approximately 50 feet north from his vehicle on the freeway, the subject then turned westbound and ran across all lanes of northbound I-405. The suspect climbed over the cement median in the middle of the highway and ran across all lanes of southbound I-405.

I observed the suspect now on the far west side of the highway on the southbound side of I-405. The subject continued up a few more feet northbound on the shoulder on the west side of southbound I-405 at which point I lost sight of him.

I had moved up to the rear of the suspect vehicle when the driver first fled from me on foot. At the rear of the suspect vehicle, I observed a passenger sitting in the driver's seat. The rear passenger windows had a dark tint and I could not see the passenger clearly. I could see a silhouette of the passenger in the vehicle through the tint. It appeared the subject was holding up a cell phone in her hand, but I could not clearly see the object. I was not able to determine if there were any other weapons in the vehicle.

I drew my service pistol and held it at the "low-ready" position, pointing the barrel of the firearm at the ground. I ordered the passenger to exit the vehicle with her hands in the air facing away from me. The passenger complied with my verbal commands. I moved back to my patrol vehicle for cover and waited for additional officers to arrive at my location.

Other officers arrived on scene. I ordered the passenger to move back to my location. She was detained in handcuffs at my patrol vehicle. No physical force was used to detain the passenger and my firearm was never pointed at the subject. I cleared the suspect vehicle with other officers and no other subjects were located.

Officers established a perimeter around the area the driver was last seen on foot. K9 Officer Bradley responded to the location on southbound I-405. I communicated the suspect description over the radio. Based on the fact the subject had fled in his vehicle from my initial traffic stop in a reckless manner, traveled rapidly in oncoming lanes of travel in a reckless manner after my initial traffic stop, I believed I had probable cause for felony eluding. I communicated this probable cause to K9 Officer Bradley and Sgt. Ramos. I also observed a knife inside the vehicle near the center console and relayed this information as well.

I heard over the radio that K9 Officer Bradley had deployed his police dog to search the area for the suspect. I later heard over the radio that K9 Officer Bradley and his police dog had located the suspect not far from the location I last saw him. K9 Officer Bradley took the suspect into custody.

The male suspect was later identified as Jonathan L. Dennington (DOB 08-10-1982). NORCOM advised Dennington had an active Felony DOC Warrant for Escape Custody, Assault 3, Negligent or Substantial Pain, no bail. The female passenger was identified as Yang, Sherron L. (DOB 01-14-1983). NORCOM advised Yang had a Felony DOC Warrant for Escape Community Custody, no bail.

At my patrol vehicle I read Yang her Miranda rights and she stated she understood. Yang stated that the driver, Dennington, was a friend of hers that she had met recently. Yang stated she did not know where he got the car from. Yang said that Dennington was mostly silent, but yelled at her to "hold on" when he initial fled from my traffic stop. I asked Yang what she said, if anything, when he fled from. Yang said she yelled, "What the fuck?" but nothing else.

Yang stated that the vehicle broke down when they entered northbound I-405 because Dennington had driven over a median. She did not remember where, but stated it was before they entered the freeway. Yang stated this forced Dennington to pull over because the car would no longer drive.

Dennington was evaluated at the scene by Bellevue Fire for a dog bite. He was cleared at the scene. Evidence was collected where Dennington was located in the bushes. See K9 Officer Bradley's supplement for further. Kirkland Police Department also assisted in the location of the suspect (case number KPD 17-41802). KPD Officer Shultz wrote a supplemental report.

Before I left the scene on the highway, I stood outside the vehicle and observed through the windows a glass pipe with burn marks and residue. I know from my training and experience that similar glass pipes are used to smoke illegal narcotics such as heroin. I also observed in the vehicle screw drivers and other tools commonly used in vehicle prowls and burglaries. The vehicle was impounded to the station by MAC Towing pending a search warrant for further investigation.

Dennington and Yang were transported to Bellevue Booking to be processed. Both felony warrants were confirmed. I informed Yang she was under arrest for her warrant. I spoke to Dennington and informed him he was under arrest for his warrant and would be charged with Eluding. I read Dennington his Miranda rights at the booking facility and he stated he understood.

30969696

I asked Dennington why he fled from my initial traffic stop, and he stated he did so because he knew he had warrants. I asked Dennington where he got the car, and he stated the car belonged to him and he bought it from his girlfriend on Aurora Avenue in north Seattle for $330.

Officer Bradley met me at the booking facility and gave me a dark leather jacket he found in the bushes near Dennington's location. The jacket was the same jacket I observed Dennington wearing when he fled his vehicle on I-405. Inside the jacket was a wallet with U.S. and foreign currency, checks addressed to different names, credit cards belonging to different subjects, and a scale with white residue.

Officer Bradley also gave me a large metal hatchet that he located in the dirt next to Dennington after Dennington was apprehended. The hatchet was in a sheath. I took photos of all pieces of evidence recovered with my department-issued iPhone and later uploaded them into evidence under item number AGB-9.

Both subjects were transported to King County Jail and booked on their felony warrants. Evidence was booked at the Bellevue Police Department under item numbers AGB-1 through AGB-8.

Under penalty of perjury under the laws of the State of Washington, I certify that the foregoing is true and correct. Signed and dated by me this **28th** day of **January 2018**, at **THE CITY OF BELLEVUE**, King County, Washington State.

Officer A. Berns P514

-4-

Best Scanned Image Available

IN THE SUPERIOR COURT OF KING COUNTY WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON<br><br>V.<br><br>JONATHAN LAWRENCE<br>DENNINGTON | NO. 18-1-02359-5   SEA<br><br>MOTION TO DISMISS WITH<br>PREJUDICE - SUPPRESSION<br>OF EVIDENCE |

COMES NOW, the defendant, JONATHAN LAWRENCE DENNINGTON, with a Motion to Dismiss with Prejudice by suppressing the evidence and determining that the state lacks probable cause and cannot prove the essential elements of the crime charged, under Washington Constitution Article 1 § 7 and due process.

## II. GROUNDS

2.1 The state is attempting to combine two (2) individual encounters by the same officer, which are separate incidents, both of which cannot meet the essential elements of the crime charged and neither of which can positively identify Mr. Dennington as the driver.

(1)

a. The first incident is the one charged, where the unidentifiable driver sped away from the approaching police officer during a traffic stop; and,

b. The second incident beginning more than six (6) blocks away after the police officer regained sight of the vehicle.

2.2 Believe police officer could not positively identify the driver in incident (a), due to the windows being too dark, as evidenced in his report, and signed under penalty of perjury.

2.3 Plenty of time separated the two incidents that the vehicle could have picked up or dropped off occupant(s) drivers, or the changing of placement could occur.

2.4 Except under pretext that the vehicle was recently involved in a crime, Bellevue police officer lacked probable cause for the second stop. Pretextual stops are violations of law, protected under state Constitution Article 1 § 7.

2.5 Although he constantly refers to Mr. Dennington as "the driver," in his report, and Ms. Yang as "the passenger," Bellevue

(2)

police officer, Adam Berns, described identifying Ms. Yang as being in the driver's seat immediately after Mr. Dennington fled the vehicle. (See page 2, line 35.) And going on to explain the cause of not being able to properly identify Mr. Dennington as the driver was that the tint on the window impaired his ability to see.

## III. PRAYER FOR RELIEF

Jonathan Lawrence Dennington respectfully prays that this Court will Suppress the Evidence, herein, and grant the defendant the following relief under Washington Constitution Article 1 § 7:

3.1 Dismissal with Prejudice upon determining that the state lacks the ability to prove all of the essential elements of the crime charged, rendering these allegations of Attempting to Elude invalid on it's face; and,

3.2 That Mr. Dennington be immediately released from confinement, and all property restored to him; and,

3.3 Any other relief that this Court deems to be equitable, appropriate, and just: _____

_____

_____

_____

_____
_____
_____
_____

## IV. CONCLUSION

For all the reasons listed above, this Court should rule in favor of the defendant, Jonathan Lawrence Dennington.

I, Jonathan Lawrence Dennington, do hereby declare, under the penalty of perjury, that the foregoing is true and correct and to the best of my knowledge. Signed and dated this 31st day of July, 2018.

_Jonathan Dennington_

[] APPROVED
[] DENIED

_____           _____
Date                                                    Judge

(4)

30858740



# eLODI
# PROSECUTING ATTORNEY'S OFFICE
### Certification for Determination of Probable Cause

That *Timothy Barnes 5925* is a *Pol Ofcr-Patrl* with the *Seattle Police Department* and is familiar with the investigation conducted in *Seattle Police Department 2018-136795*. There is probable cause to believe that *DENNINGTON, JONATHAN LAWRENCE, 8/10/1982* committed the crime(s) of:

- *Possession Of Stolen Vehicle*, in *Seattle*; and
- *Forgery (Makes, Completes, Alters, & Possesses, Utters, Offers)*, in *Seattle*

County of King, in the State of Washington.

This belief is predicated on the following facts and circumstances:

*On 4/15/2018 at approximately midnight, W/Mattsen parked a vehicle belonging to her partner in their assigned parking space at their residence at 2221 NE 46 St in the city of Seattle. W/Mattsen returned to the vehicle later in the day at 1600 hours and found it missing. W/Mattsen reported the theft to Seattle Police and advised that they were in possession of all the keys and that there was no broken glass at the scene. SPD officers Selby and Fitzgerald responded and obtained a stolen vehicle report from W/Mattsen. The vehicle was then entered into WACIC/NCIC as a reported stolen vehicle. W/Mattsen advised that nobody else had permission to take/use the vehicle.*

*On 4/18/2018 at 1817 hours SPD officers Erwin and Sommerfeldt were investigating a hazardous RV parked in the 2500 block of Harbor Ave SW. This area has become a hot spot for RV campers to park. Earlier in the day these officers had contact with a male in an RV at this location that presented a trip permit that the officers determined was forged. The trip permit was a photo copy of an original, valid permit. This copy was on regular stock paper and not the thicker paper used by WA DOL. While dealing with the hazardous RV, Ofc. Erwin looked across the street and observed another RV parked on the block. This RV had a white Subaru parked directly in front of it. Ofc. Erwin then observed a W/M going back and forth from the white Subaru to the RV behind it. This white Subaru also had a trip permit in the back window and no license plates attached.*

*Upon completing his call with the hazardous RV, the officers walked over to the white Subaru and noticed that it appeared to be a photo copy as well. The officers observed that the unique numbers on two trip permits were identical. The officers contacted the occupants of the RV parked behind the Subaru and spoke with Sherron Yang. Yang told the officers that she knew nothing of the white Subaru. The officer found this suspicious as he had observed a male going back and forth from the white Subaru to the RV occupied by Yang.*

*Ofc. Erwin returned to the white Subaru and ran a computer check of the VIN. Ofc. Erwin discovered that the VIN on the white Subaru returned to that of the reported stolen vehicle belonging to V/Rosser and W/Mattsen. Ofc. Erwin returned to the RV and again contacted Yang. When Yang opened the door, Ofc. Erwin could see a male seated inside. This male was wearing a wig and appeared to be altering his identity. This male was wearing the same clothing that Ofc. Erwin saw when the previous male was going between vehicles. Again, Yang and the male denied any knowledge of the stolen vehicle and stated they had no items inside nor would their fingerprints be found inside it. Ofc. Erwin obtained verbal identification of the male as he suspected him of being involved in the possession of the stolen vehicle. The male provided false verbal identification on two occasions. The male became nervous and began reaching into his pockets. This alarmed the officers and they requested the male step from the RV and he complied. The male was placed in handcuffs for officer safety reasons while they attempted to verify his ID.*

*S/Dennington's true identity was soon discovered and it was found that he had an outstanding felony DOC warrant for his arrest. During a search incident to arrest, a small baggie was removed from S/Dennington's left front pocket. S/Dennington advised that the baggie contained either meth or heroin. S/Dennington also had a single key in his possession. This key was inserted into the ignition of the stolen Subaru and it fit without hesitation. The officer turned the key and the stolen Subaru started without incident.*

*S/Dennington was placed in the rear of a patrol vehicle and advised of his Miranda warnings. S/Dennington then asked the officer if he would grab his cellphone off the charger from inside the stolen Subaru. Ofc. Erwin transported S/Dennington to the SW Precinct. While enroute to the precinct, Ofc. Erwin asked S/Dennington if he had provided the*

30858740



**King County**

eLODI

**PROSECUTING ATTORNEY'S OFFICE**

**Certification for Determination of Probable Cause**

*other forged trip permit to that RV owner and he advised that he had given it to him.*

Under penalty of perjury under the laws of the State of Washington, I certify that the foregoing is true and correct. Signed and dated by me this *23* day of *April, 2018*, at *Seattle*, Washington.

This printout is from the King County Electronic Log of Detective Investigations (eLODI) system, where the above officer signed and transmitted this referral as permitted by GR 30 and LGR 30.

Rev 07/14  4/23/2018 10:59:52 AM(CT)              ID 26376                          Page 2 of 2

**Best Scanned Image Available**

.IN THE SUPERIOR COURT OF KING COUNTY, WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON | NO. 18-1-02355-2  SEA |
| V. | MOTION TO DISMISS WITH PREJUDICE- SUPPRESSION OF EVIDENCE (FOPT) |
| JONATHAN LAWRENCE DENNINGTON | |

COMES NOW, JONATHAN LAWRENCE DENNINGTON, the defendant, hereby invoking protections and seeking refuge under state and federal Constitutions with a Motion to Dismiss with Prejudice by a Suppression of the Evidence, Exclusionary Rule.

## II. VIOLATIONS OF CIVIL RIGHTS

Jonathan Lawrence Dennington, the defendant, now accuses and asserts the following happened in King County, Washington:

(1)

2.1 That Seattle police officers did commit the crime(s) of Unlawful Search and Seizure by failing to notify the defendant(s) that they were being recorded by body cameras and dash cameras.

2.2 That Seattle police officers did knowingly and intentionally commit the crime(s) of Unlawful Search and Seizure by arresting Mr. Dennington out of his home without a warrant, and lacking exigency or probable cause.

2.3 That Seattle police officers did knowingly and intentionally commit the crime(s) of Unlawful Search and Seizure by arresting pregnant fiancée of Mr. Dennington, Sherron Lee Yang, from her home without a warrant and lacking probable cause

2.4 That Seattle police officers did knowingly and intentionally commit the crime(s) of Unlawful Search and Seizure by impounding a Ford Coachman Leprechaun, a motor home that Mr. Dennington and Ms. Yang lived in and called "home"; a warrantless seizure lacking probable cause and lacking exigent circumstances; and thereby creating a manifest hardship for Mr. Dennington and his family and causing them to become homeless and without belongings.

(2)

2.5 That Seattle police officers did knowingly and intentionally commit the crime(s) of Unlawful Search and Seizure by starting the ignition of a Subaru Legacy Outback with a key officers found in the pocket of Mr. Dennington and while not having a warrant and lacking probable cause, and while the vehicle was not in the immediate control of the defendant.

## III.  NARRATIVE

Paragraphs 2.1-2.5 are combined in this narrative for clarity and brevity. The defendant herein, Jonathan Dennington, and his pregnant fiancée, Sherron Yang sought solace and privacy as a family in their motorhome, where they conducted their private affairs. They each considered that place their home and dwelling place. The Certificate for Determination of Probable Cause presented by the state attests to these facts, signed under the penalty of perjury, and clearly outlines these unlawful crimes of invasion of privacy. In that report, Seattle police officers looked behind the driver's seat in an attempt to collect evidence that would connect the residents therein to the suspected stolen vehicle that was parked on a public street in front of the motorhome. Seattle police officers arrested Mr. Dennington from his home

(3)

in an attempt to intimidate a confession that would connect him to the suspected stolen vehicle. Upon discovery of the identity of Mr. Dennington, police officers took him into custody for outstanding warrants for a DOC violation. Upon search incident to arrest, Seattle police officers used a key they found in Mr. Dennington's pocket and used it to start the Subaru, the suspected stolen vehicle in question, without a search warrant and lacking exigent circumstances and while the vehicle was not in immediate control of the vehicle, and without probable cause. Furthermore, Seattle police officers arrested Ms. Yang from her home and forced her to walk down the street, separating her from her home and personal possessions and had the motorhome impounded so they could have dominion and control over it while they waited approval for a search warrant. Mr. Dennington was released on his own recognizance to CCAP approximately 3 weeks later, and his home was already up for auction. Both, Mr. Dennington, and his pregnant fiancée, Sherron Yang, were forced to live on the street being rendered homeless, after losing their home containing all of their personal belongings and livelihood, due to the Seattle police officers' unlawful seizure and malicious interference.

## IV. PRAYER FOR RELIEF

Jonathan Lawrence Dennington, the defendant herein, now respectfully prays that this Court, in order to save the integrity of the judiciary under US Const. Amend. IV, Wash. Const. Article 1 §7, and RCW 10.79.040, find and grant the following:

4.1 That the state does not have the ability to prove the essential elements of the crime charged, rendering this cause invalid on its face; and,

4.2 Dismiss with Prejudice all allegations against the defendant(s) herein, and immediately release him and his property from this unlawful detention; and,

4.3 Any other relief this Court deems to be equitable, appropriate, and just: _____

_____

_____

_____

_____

_____

_____

_____

## V. CONCLUSION

For all the reasons listed above this Court should rule in favor of the defendant, Jonathan Lawrence Dennington.

I, Jonathan Dennington, under penalty of perjury, do hereby declare that the foregoing is true and correct and to the best of my knowledge. Signed and dated this 31st day of July, 2018.

_Jonathan Dennington_

☐ APPROVED
☐ DENIED

_____               _____
DATE                                        JUDGE

(6)

⑤

**FILED**

18 JUL 19 PM 1:29

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-1-02820-1 SEA

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

THE STATE OF WASHINGTON, )
Plaintiff, )
v. ) No. 18-C-02820-1 SEA
) 18-C-02821-0 SEA
JONATHAN LAWRENCE DENNINGTON, )
KAYLEE R JOHNSON-DAS ) INFORMATION
AND EACH OF THEM, )
Defendant. )
)

I, Daniel T. Satterberg, Prosecuting Attorney for King County in the name and by the authority of the State of Washington, do accuse JONATHAN LAWRENCE DENNINGTON, AND KAYLEE R JOHNSON-DAS of the following crimes: **Possession Of Stolen Vehicle, Taking Motor Vehicle Without Permission in the Second Degree**, committed as follows:

### Count 1:  Possession Of Stolen Vehicle

That the defendant JONATHAN LAWRENCE DENNINGTON in King County, Washington, on or about June 30, 2018, did knowingly receive, retain, possess, conceal and dispose of a stolen motor vehicle, to-wit:  a green Subaru Legacy, knowing that such property had been stolen, and did withhold and appropriate the same to the use of a person other than Roger Martin Flint, the true owner and person entitled thereto;

Contrary to RCW 9A.56.068 and 9A.56.140, and against the peace and dignity of the State of Washington.

### Count 2:  Taking Motor Vehicle Without Permission in the Second Degree

That the defendant KAYLEE R JOHNSON-DAS in King County, Washington, on or about June 30, 2018, intentionally and without the permission of Roger Martin Flint, the owner or person entitled to possession thereof, did take and drive away an automobile or motor vehicle, to-wit:  a green Subaru Legacy, and with knowledge that said vehicle had been unlawfully taken did voluntarily ride in or upon said automobile or motor vehicle;

INFORMATION - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CRIMINAL DIVISION
W554 King County Courthouse
516 Third Avenue
Seattle, WA 98104
(206) 296-9000 FAX (206) 296-0955

1    Contrary to RCW 9A.56.075, and against the peace and dignity of the State of
2    Washington.

3                                    DANIEL T. SATTERBERG
                                     Prosecuting Attorney
4

5                                    By:

6

7                                    _____
                                     Susan Harrison, WSBA #40719
8                                    Deputy Prosecuting Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

INFORMATION - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CRIMINAL DIVISION
W554 King County Courthouse
516 Third Avenue
Seattle, WA 98104
(206) 296-9000  FAX (206) 296-0955

31235293

CAUSE NO.  18-C-02820-1 SEA
CAUSE NO.  18-C-02821-0 SEA

PROSECUTING ATTORNEY CASE SUMMARY AND REQUEST FOR BAIL AND/OR
CONDITIONS OF RELEASE

The State incorporates by reference the Certification for Determination of Probable Cause

prepared by Detective Manuel Quinonez of the Seattle Police Department for case number 2018-

238824.

**Jonathan Lawrence Dennington**

Pursuant to CrR 2.2(b)(2)(i) and (ii), the State requests a warrant because the defendant is

unlikely to appear in response to a summons and because of the likelihood that the defendant will

commit a violent offense, respectively.  The State requests bail set in the amount of **$50,000.00.**

The State requested that amount at the time of first appearance but that court released the

defendant on his personal recognizance.  It is not clear whether that court had a full picture of the

defendant's failure to appear history on his existing cases and that the defendant had a no-bail

hold stemming from his most recent DOC warrant at the time he was arrested for this incident.

The defendant's criminal history includes felony convictions for Violation of the Uniform

Controlled Substances Act (2013), Unlawful Possession of a Firearm in the Second Degree

(2013), Attempted Assault in the Second Degree with a Deadly Weapon (2013), Assault in the

Third Degree—Domestic Violence (2011), Assault in the Third Degree (2007, 2009), Attempted

Violation of the Uniform Controlled Substance Act--Possession (2006), Taking a Motor Vehicle

Without Permission (2004), and Violation of the Uniform Controlled Substances Act--

Solicitation to Deliver Methamphetamine (2002).

Prosecuting Attorney Case
Summary and Request for Bail
and/or Conditions of Release - 1

Daniel T. Satterberg, Prosecuting Attorney
CRIMINAL DIVISION
W554 King County Courthouse
516 Third Avenue
Seattle, WA 98104
(206) 296-9000 FAX (206) 296-0955

31235293



**eLODI**

**PROSECUTING ATTORNEY'S OFFICE**

**King County**  Certification for Determination of Probable Cause

That *Manuel Quinonez 6363* is a *Pol Ofcr-Detective* with the *Seattle Police Department* and is familiar with the investigation conducted in *Seattle Police Department 2018-238824*. There is probable cause to believe that *DENNINGTON, JONATHAN LAWRENCE, 8/10/1982* committed the crime(s) of:

- *Possession Of Stolen Vehicle*, in *SEATTLE*; and
- *Violation of the Uniform Controlled Substances Act (Possess Schedule I-II Narcotic, Includes Cocaine and Heroin)*, in *SEATTLE*; and
- *Making Or Having Vehicle Theft Tools (Gross Misdemeanor)*, in *SEATTLE*; and
- *Dangerous Weapon Violation*, in *SEATTLE*; and
- *Making A False Or Misleading Statement To A Public Servant*, in *SEATTLE*; and
- *Possessing Stolen Property In The Second Degree (Value over $750)*, in *SEATTLE*

County of King, in the State of Washington.

This belief is predicated on the following facts and circumstances:

*Marysville PD 2018-34777 Auto Theft 6/27/18*
*Between the approximate dates of 6/3/18 and 6/14/18, a green 1997 Subaru Legacy Outback station wagon with WA plates BFM6732 was reported stolen by its owner Roger Flint to Marysville PD in Snohomish County, their case 2018-34777. The victim reported that all his vehicle keys were accounted for. The vehicle was entered stolen NCIC/WACIC.*

*SPD 2018-238795 Trespass-Prowler 6/30/18*
*SPD 2018-238819 Warrant-Arrest 6/30/18*
*SPD 2018-238824 (Master Case) Vehicle Recovery 6/30/18*
*On 6/30/18 at 0505 hours, uniformed SPD officers responded to a complaint of persons trespassing at the Safeway store located at 2622 California Av SW, located in the city of Seattle. The complainant, an employee of the Safeway, reported that an adult male accompanied by a female had shoplifted in the past and requested that the couple be trespassed. Upon officers' arrival, Safeway staff directed them to the two persons, still inside the store. The employee believed that the two were in the process of shoplifting and requested that they be trespassed from the store. Officers contacted the couple in the attempt to identify them for the purpose of trespassing them from the store.*

*When asked to identify himself, the male subject provided a false name of "Cyril Bradshaw". Officer Arino #8527, the primary officer, recognized the male from an image in a recent SPD bulletin as Jonathan Dennington, who was wanted for a felony arrest warrant. Ofc. Arino, believing the suspect to be Dennington, repeatedly asked him to provide his true name, but the suspect insisted that he was "Bradshaw".*

*The female, who did not have identification, was identified at the scene as Kaylee Johnson-Das.*

*Ofc. Arino located a booking photo for Dennington from his MDT computer, which appeared to be that of the male in the Safeway. Arino also found that Dennington had several unverified felony arrest warrants. Arino confronted Dennington with the information, however, the suspect continued to deny that he was Dennington. Officer R. Blake #6980, trained and equipped in the use of the mobile fingerprint reader device, responded at Arino's request with the reader in the attempt to identify the suspect.*

*While at still at the scene, Johnson-Das asked one of the officers to retrieve a car key from the male suspect (Dennington) so that she could retrieve personal belongings from his car. When asked about the key, Dennington indicated to officers that he arrived at the Safeway in a "blue Subaru" that he obtained from an unidentified "friend" of Johnson-Das' "mother". He said that the car was parked in the Safeway parking lot and said that the key to the vehicle was in his pocket.*

*Following Ofc. Blake's arrival, the suspect was identified per fingerprint reader as Jonathan Dennington and he was*

31235293



**eLODI**
## PROSECUTING ATTORNEY'S OFFICE
**King County**   **Certification for Determination of Probable Cause**

*arrested for three outstanding felony warrants following verification, which included the following:*

*Felony Bench Warrant/ Escape/Community Custody (Assault-3) DOC No-bail.*
*Felony Bench Warrant/ Possession of Stolen Vehicle SPD $20,075.00 bail*
*Felony Warrant-Attempt to Elude, KCSO $25,000.00 bail*

*Dennington was also wanted for an unverified misdemeanor FTA/Criminal Trespass 1/PSP-3, (Tukwila PD $3000.00)*

*During a search of Dennington's person incident to arrest, two shaved vehicle keys were recovered from the suspect's pants pockets, one that Dennington claimed to belong to the Subaru. A spring-loaded foldable pocket knife, an illegal knife and dangerous weapon, was also found clipped to the suspect's waist band. Also on Dennington's person was a small baggie that contained a usable amount of black-tar substance. The substance was later field-tested under WSPCL protocol with positive results for heroin presence. The substance and its packaging weighed .9 grams.*

*Ofc. Blake's patrol vehicle, equipped with an automatic license plate reader (ALPR), alerted to a stolen vehicle "hit" on the front WA plate BFM6732, a blue-green Subaru parked in backed-in position outside the Safeway store. Blake found that the plate was attached to an unattended green Subaru Legacy parked in the lot. Blake saw that the vehicle's engine was still running, with no key seen in the ignition and its ignition visibly damaged. It was found that the vehicle had been reported stolen out of Marysville, their case 2018-34777.*

*Johnson-Das, in the attempt to retrieve property from the vehicle, directed officers to the same Subaru, which she indicated that Dennington had driven to the Safeway. Johnson-Das denied knowledge that the vehicle was stolen and said that Dennington had possessed the vehicle for about a month. She indicated that she did not know who owned the vehicle. Using a shaved key that was found on Dennington's person incident to arrest, Officer Blake "jiggled" the driver's door lock and was eventually able to open it. Blake could see in plain view that the steering column and ignition of the vehicle was visibly damaged.*

*Johnson-Das was trespassed from the Safeway. As the Subaru had been reported stolen outside Seattle jurisdiction, Lincoln Towing was notified to respond to the scene to tow the vehicle for impound at their yard. I later requested the vehicle to be held for fingerprints for investigation of auto theft.*

*Vehicle Processing: On 7/9/18, I processed the vehicle for evidence with victim's consent. The vehicle's ignition cylinder was missing and the vehicle's rear passenger area and cargo area were completely full with bags of property, including numerous suspected stolen laptop computers, tablets, cell phones, digital cameras, and checks, access and ID cards and documents belonging to other persons other that the suspects. A book marked with the name "Kaylee R. Johnson-Das" was found in the property.*

*Victim Statement: Victim Flint told me that he did not know the suspects and that no one had permission to take, drive, possess, or utilize his vehicle in any way. Flint said that his vehicle had been unaccounted for since on or about June 13, but that he had not reported stolen as his wife had just died and that he was preoccupied with her passing. When told that a female suspect told police that they received the car from a "friend" of the victim's "mother", Flint that he had adult daughters and would check with them. The victim will assist with prosecution. The victim provided consent for me to search his vehicle for evidence.*

*Suspect Histories:*
*Jonathan Dennington is a career criminal and multi-state offender currently under Washington DOC supervision. In the*

31235293



**eLODI**

**PROSECUTING ATTORNEY'S OFFICE**

**King County**     Certification for Determination of Probable Cause

*state of Washington alone, Dennington has 31 arrests with ten felony convictions, including one for Taking Motor Vehicle without Permission, one for Unlawful Possession of a Firearm-2, four assault-related convictions, and four drug convictions. Dennington also has gross misdemeanor convictions for Making a False Statement to a Public Servant and Dangerous Weapon violation.*

*Dennington also has felony convictions in the states of Wyoming and Utah. Dennington's driver's status per DOL is suspended/revoked in the third degree.*

Under penalty of perjury under the laws of the State of Washington, I certify that the foregoing is true and correct. Signed and dated by me this *10* day of *July, 2018*, at *SEATTLE*, Washington.

This printout is from the King County Electronic Log of Detective Investigations (eLODI) system, where the above officer signed and transmitted this referral as permitted by GR 30 and LGR 30.

Rev 07/14  7/10/2018 9:46:12 AM(CT)                    ID 28196                              Page 3 of 3

Best Scanned Image Available

IN THE SUPERIOR COURT OF KING COUNTY, WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON<br><br>V.<br><br><u>JONATHAN LAWRENCE DENNINGTON, ET AL.</u> | NO. 18-C-02820-1 SEA<br>18-C-02821-0 SEA<br><br>MOTION TO DISMISS WITH PREJUDICE - SUPPRESSION OF EVIDENCE (FOPT) |

COMES NOW, JONATHAN LAWRENCE DENNINGTON, the defendant, hereby invoking protections and seeking refuge under the state and federal Constitutions, with a Motion to Dismiss with Prejudice by a Suppression of the Evidence, Exclusionary Rule.

## II. VIOLATIONS OF CIVIL RIGHTS

Jonathan Lawrence Dennington, the defendant herein, now accuses and asserts the following:

(1)

2.1 That Seattle police officers did knowingly and intentionally commit the crime(s) of Unlawful Search and Seizure by failing to notify the defendants herein, that they were being recorded by cameras on the body's of officers.

2.2 That Seattle police officers did knowingly and intentionally commit the crime of unlawful search and seizure by not allowing the defendants, herein, to leave after Mr. Dennington provided officers with a receipt from Safeway and proving he was welcome and had a lawful right to remain, and had not been asked by Safeway employees to leave or been refused service, or found to be shoplifting or in any attempt to shop-lift; and,

2.3 That Seattle police department did knowingly and intentionally, with reckless disregard for the truth, commit the crime of omission of material information in their affidavit for probable cause by omitting any mention of Mr. Dennington providing them with a receipt, in order to appear that their detention of the defendants was lawful, and probable cause remained; and,

2.4 That Seattle police officers did knowingly and intentionally commit the crime of unlawful search and seizure by using

(2)

14

force to enter into the defendants
vehicle without a warrant and lacking
probable cause to support the need
for exigency and while the vehicle was
locked, and not in the immediate control
of either of the defendants in this
cause, for the purpose of collecting
evidence against them.

## III. NARRATIVE OF CIVIL RIGHTS VIOLATION

Paragraphs 2.1 – 2.3 (are combined for clarity
and brevity) On July 30, 2018, Seattle police
officers responded in force to a call by Safeway
employees of a potential shoplift in progress. Upon
arrival, officers were directed to two (2) individuals,
Mr. Dennington and Ms. Johnson-Das, with the
task of investigating whether a trespass was
necessary and the likelihood that the pair
intended to shoplift items from the store. The
couple were shocked at the arrest, as they
were still in the process of choosing particular
items they intended to purchase. At no time
leading up to this arrest, and no time thereafter,
had either Mr. Dennington or Ms. Johnson-Das
been asked to leave by Safeway employees,
nor had they been approached in a manner
that expressed that sales or services had
been made unavailable to them. In fact, prior
to police interference, Mr. Dennington had

a purchase of a case of bottled water that he carried to his car before returning back inside to further his transactions. Given the fact that the defendants arrived together, and Ms. Johnson-Das remained inside the store while Mr. Dennington took the water to his car, it stands to reason that the willful transaction between competent parties was still in effect, and the detention of the defendants was not necessary, nor did cause exist that was probable enough to merit an unlawful restraint. Evidence of their willful transaction was presented to police when Mr. Dennington offered police officers a receipt for his current transaction and a show of money in his wallet, of more than $85 at the time of booking, with his reasons and intentions of remaining at Safeway up to this point, all material information that was omitted from the police officers affidavit for probable cause, and clearly because he believes he lacked enough probable cause to detain Mr. Dennington until he concluded his investigation as to his identity, and this knowing and intentional omission of material information was made with reckless disregard for the truth. Evidence of this omitted material information can be obtained upon review of the 'body cams' that all officers present were wearing.

Paragraph 2.4 - Upon learning as to Mr. Dennington's identity, and after search

(4)

incident to arrest and after taking him into custody for unrelated warrants, Seattle police officers located a 1997 Subaru Legacy Outback believed to be the vehicle both defendants claimed to belong to Mr. Dennington, but not in immediate control of Mr. Dennington or Ms. Johnson-Das and was in fact locked to protect their belongings inside. Seattle police officers, without the need for exigency and without a search warrant, used a key found on Mr. Dennington to force their unlawful entry by "jiggling" the "driver door lock and was eventually able to open it." (See Certification for Determination of Probable Cause, presented to this Court by King County Prosecuting Attorney's Office.) Furthermore, police officers executed this unlawful forced entry with a key they believed to be shaved for the purpose of illegal entry, and thereby knowingly and intentionally forcing entry with the use of burglary tools. (As also detailed in the Certificate for Probable Cause, signed by the Prosecutors Office under the penalty of perjury.)

## IV. PRAYER FOR RELIEF

I, Jonathan Lawrence Dennington, the defendant in the above entitled action, seeking emergency refuge under the protections of the United States

(5)

Constitution Amendment IV, Washington state Constitution Article 1 §7, and RCW 10.79.040 which protect the people from unlawful searches and seizure, or any malicious interference from agents representing the color of law, and penalties for these intrusions in the form of a gross misdemeanor, do hereby respectfully pray to this Court find and grant the following relief:

4.1   That the Seattle police have in fact committed the crimes and violated civil rights of the defendants, Jonathan Lawrence Dennington and Kaylee Johnson-Das as outlined in section 2, and, as a result of Fruit of the Poisonous Tree, hereby Dismiss With Prejudice and release the defendants herein from this unlawful restraint; and,

4.2   Command the Seattle Police Department to return, replace, or restore ALL properties that were confiscated or seized as a result of this unlawful malicious interference, with expedited concern. ALL properties shall be restored to one moment prior to SPD's violation of the law, or replaced with new or like-new and working replacements of equal or greater value.

4.3   That this Court determine whether the state has the ability to prove all of the essential elements of the crime charged. Mr. Dennington contends they do not; as he paid for the

(6)

vehicle and believed it to rightfully belong to him, rendering this cause invalid on its face.

4.4 Any other relief this Court deems equitable, appropriate and just: _____
_____
_____

## V. CONCLUSION

For all the reasons listed above, in order to save the integrity of the judiciary under US Const. Amend. IV, Wash. Const. Article 1 § 7, and RCW 10.79.040, this Court should rule in favor of the defendant(s) herein.

Under penalty of perjury I declare that the foregoing is true to the best of my knowledge. Signed this 8th day of August, 2018.

JONATHAN DENNINGTON

☐ APPROVED
☐ DENIED

_____          _____
DATE                                    JUDGE

(7)