UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JONATHAN LAWRENCE
DENNINGTON,

                    Plaintiff,

       v.

DANIEL T. SATTERBERG, et al.,

                    Defendants.

CASE NO. C18-1348 RAJ-BAT

**REPORT AND
RECOMMENDATION**

Plaintiff, Jonathan Lawrence Dennington, who is detained at the King County Jail, has filed a pro se § 1983 civil rights complaint against Daniel Satterberg, King County prosecuting Attorney, Susan Harrison, Deputy prosecuting Attorney, and numerous Seattle and Bellevue police officers. Dkt. 4. Plaintiff alleges his arrest and criminal charges violate his constitutional rights. Based upon these allegations, plaintiff also moves for a temporary injunction directing the Jail to immediately release him. Dkt. 5. The Court recommends dismissing this matter without prejudice, and denying the motion for injunction based upon the *Younger* abstention doctrine.

**DISCUSSION**

The complaint raises the following claims:

1.       Plaintiff has been denied a speedy trial.

1

2.      Listing plaintiff's criminal history violates double jeopardy.

3.      The charges against plaintiff are false and the State cannot prove all essential elements of the crimes charged.

4.      The certificate for determining probable cause contains prejudicial information.

5.      The criminal charges improperly combine two separate incidents.

6.      The police provided false information, or omitted material information, to obtain a search warrant and an arrest warrant.

7.      Plaintiff was stopped on a pretext.

8.      Plaintiff was not properly advised that the arresting officers' body cameras were recording him.

9.      The police engaged in an unlawful search and seizure.

10.     The police unlawfully entered plaintiff's vehicle.

11.     Defendants violated plaintiff's human rights by treating him like a common criminal and for committing the acts listed above.

In support of the complaint, plaintiff attached a copy of the information filed on May 17, 2018, in 18-1-02359-5 SEA in which he is charged with attempting to elude a pursuing police vehicle, and a copy of the information filed on July 19, 2018, in 18-C-02820-1 SEA in which he is charged with possession of a stolen vehicle, and taking motor vehicle without permission in the second degree. As relief, plaintiff seeks just and appropriate declaratory relief against all defendants, and a preliminary and permanent injunction suppressing all evidence against him.

Plaintiff seeks suppression of the evidence against him in a criminal case and his immediate release from jail.  However, plaintiff may not challenge the propriety of an ongoing state criminal proceeding in a 42 U.S.C. § 1983 lawsuit. A federal court will not intervene in a

pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45-46(1971). The *Younger* abstention doctrine requires a district court to dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). All the *Younger* criteria are satisfied here. Plaintiff's state court proceedings are ongoing, involve a criminal prosecution that implicates important state interests, there is nothing indicating plaintiff cannot raise in his pending state criminal case the same claims he raises here, and there is no danger of great and immediate irreparable harm. Accordingly this action would unduly interfere with ongoing state criminal proceedings in a way that *Younger* disapproves.

The Court accordingly recommends dismissing this matter without prejudice because it is subject to the *Younger* abstention doctrine. Plaintiff should not be given leave to amend his complaint because "it is absolutely clear that no amendment can cure the defect." *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **October 3, 2018.**  The Clerk should note the matter for **October 5, 2018**, as ready for the District Judge's consideration. Objections shall not exceed eight pages.  The failure to timely object may affect the right to appeal.

DATED this 19th day of September, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

4